Number seven on our calendar is United States against Dixon Mr. Hillis may please the court Counsel, my name is Daniel Ellis. I'm with the Federal Public Defender's Office and I represent. Mr. Martez Dixon on this appeal He raises two issues and I'll begin with the suppression issue the District Court denied suppression of the evidence which was in this case the gun found in a car and but for finding that gun There is no case here. The district court erred when it denied suppression of the gun on appeal the government defends the district court on two bases the application of the plain view doctrine and the application of the inevitable discovery doctrine neither applied And here's why For the plain view doctrine to apply the police have to be lawfully present where the evidence is found in this case The evidence was found in the car and the police were not lawfully in the car So for that reason alone plain view cannot apply Police did not have probable cause to access that vehicle at best they had reasonable suspicion. I'm puzzled by this What do you think the police should do when they find the driver of a car sleeping? in the order lane at a restaurant They the terms of the invitation from the restaurant are come in and buy it's not come in and sleep and block other customers So at a minimum your client is trespassing and can be removed Are they just supposed to sit there until he wakes up? No, the trespasser were to ask the officers to eject the individual on that basis That would be something to consider. Of course that didn't happen here. So we can't consider They find him trespassing. That's actually an offense But it was not ever said to they find a bottle of alcohol in the car Seen from outside. That's another offense. There was an empty bottle your honor Hard to tell whether something is empty until you test it. I think the record said that it was empty, you know, look. Yes, perfectly Normal inference from this behavior is that the driver had been drinking and had passed out drunk Right police draw that inference they've got another offense which is drunk driving In addition to trespassing and so on certainly so normally you would expect the police To go and do something about it like yes open the door Get the person out It's not a case where you have to persuade him to drive away. He has no right to be So what could be done short of doing the unlawful conduct that was done here many things you could try to wake him in a Manner different than accessing the vehicle and shaking him police could tap on the window. They could do wasn't a vehicle running Yes, I believe the vehicle was and he's asleep. Yes In the driving he was at 6 a.m. True bad facts But nevertheless under the law can the police access the vehicle and they can't judge Easterberg You just articulated reasonable suspicion. There's no doubt. There's reasonable. I just articulated Probable cause to arrest for three different offenses that would have been wonderful If it had been argued below and it wasn't and so they have not raised it below. They can't raise it now Probable cause was not the basis for accessing the vehicle They said it was a Terry stop, but Terry does not allow them to enter private property and that's what the car is So our has however entered somebody else's private property and there's no right to be there Well, it does until they ask for the individual to be ejected and that didn't happen here again. So There is no basis to enter the vehicle Reasonable suspicion allows them to investigate they could try to wake the individual They cannot access his car anymore that he could go into his house. Nobody's asleep in the cars running I know he was I can't get around that runner, but I You got it turn it off somehow Well, you're just let it run till he runs out of gas Okay if there's a continuum of conduct the police officers could engage in reasonably putting the car in park and Turning taking the keys out of the ignition would be it and then they could try to wake him knock on the window the safety Rationale under Smith, which is a case The government relies on is accounted for in that case. The vehicle is surrounded. It is immobile There's nothing that they need to do to then access the vehicle as they did It's the additional steps of the police officers took here I think I think you just said it was okay to reach in and turn off the car and Remove the keys. I said if necessary under some sort of continuum That would be the best that they could do the most they could do No, I don't think they should have access to vehicle your honor. I'm explicit on that So I said let the runner to the car run until it runs out of gas No, no, they would easily be able to wake somebody I mean he startled easily once they made physical contact with him He could have been a well He didn't wake up when they tapped on the glass not at first But they didn't tap very long the plan from the officers all along They discussed it in the vehicle before they got there was they were gonna enter the vehicle put it in park remove the keys There was nothing about let's make sure we wake him up before we go into his vehicle Absolutely, not. You don't want to give the guy time to to react by hitting Deliberately or not hitting the gas pedal Well, if there's really a concern I'm sure the police could have parked the car immediately in front of the vehicle to prevent that from happening wouldn't lurch forward But again, this is a separate matter than whether or not the police had a lawful basis to enter the vehicle They need a probable cause for it. They didn't have it. Terry doesn't allow them to access the vehicle That's the problem under the first part of plain view they were not lawfully present Also, the evidence was not in plain view. They had to move the individual in order to see the gun can't do it Didn't somebody see a the empty bottle or the bottle vodka? When that part part of the That was something they seem to recall later, but yes, there's an empty bottle in the car Hill if you do a great job and you always do before us But you ever think about putting yourself in the position of a police officer in these circumstances? I would your honor if I were to represent the police. I would be doing everything I could make the sort of points You're making now, but Mr. Dixon has an expectation of privacy in the vehicle. The Fourth Amendment has limitations about when what was his expectation of privacy? Given that he was not an authorized driver. Well under Sanford He still has a right to resist the search of his person or his possessions under Brendan He had a right to challenge the physical seizure of him which happened here through the taking him Shaking him so forth your honor that caused him to be moved that caused the gun to be seen These are all problems plain view just doesn't apply to these circumstances something might but not that in in our world after Heller and war versus Madigan in which Publicly carrying a firearm is not necessarily criminal in Illinois You've argued as I understand it that the there was nothing immediately incriminating about the visible firearm But given the nature if the encounter was otherwise lawful is it Whether it was lawful or not gonna have to be lawfully found in the first place assume that it was I Know you think that I know you think otherwise, but assume that it's lawfully spotted. Mm-hmm to secure the gun Judge I suppose that that would be an exercise of the police officers discretion That may be something that they could do I have argued against that and so I'm gonna argue that again They only found out that he was a felon later. They only found out about the void card later so if the police want to But it's not unreasonable. I would think for the police who are carrying out a Terry stop Or an arrest who realized that a suspect is armed to disarm that person and worry later about whether the gun was legal I think that would be if it was on his body in the course of Terry stop. I imagine that in reach I imagine that would be something but again, this is a Case where if the police thought that they had to do something what they did here was not the right thing That I guess I'm still waiting for the better account of what they should have done Well, it's of course in my view not our burden to establish that I understand that but what they should do Ask McDonald's do you want us to eject him for trespass McDonald's will say yes apparently Should we knock on the glass louder longer should we run our horns? I'm so they turn this all over to the McDonald's manager to decide what they should well They're the ones who are in charge of whether it's a trespass essentially right and then furthermore to wake him up There are things that can be done differently blow the horns Knock on the window louder spend more time Don't as a first instance as they're planning to do once they first got the call plan to access private property We wouldn't allow it if it's a house. We won't we shouldn't allow it if it's car There's something that should have been done differently here And it was the government's burden to show what exception to the fourth amendment's requirements allowed the police to access the vehicle and so far None have been articulated the plain view doctrine doesn't apply inevitable discovery doesn't apply They didn't witness a traffic infraction such that they were always going to order him out They didn't argue anywhere that the police officers There's no point in the testimony that I can recall where the police officer said we were always going to order him out of the Vehicle and search it these are things that were incumbent on the government to establish the applicability of a given Warrant except didn't happen so we don't have plain view we don't have inevitable discovery those are the bases They're defending on they don't exist. Can I ask you just very quickly? What the point of a remand on the supervised release issue would be in light of Judge Reinhardt's standing order? yes, because the Interplay as I understand this court's decisions in Kappus and Thompson is that we're in conditions of supervised release or vacated There are to be full remands now the standing order Regardless of what it says now needs to be accounted for in determining what the total sentence is Also for the advantage of my client if he's engaged in any meaningful rehabilitation post incarceration Rehabilitation per pepper versus United States he should have the opportunity during a full resentencing hearing to present that to the district court He got five months short of a statutory maximum 240 month sentence in this case your honor I'd like him to have every opportunity to try to convince the judge about what it is that is a fair punishment and Challenging the conditions of supervised release are it's a procedural mechanism for him to get to do that So it's important, and it is consistent full remand is consistent with Thompson and Kappus I'm past my time. I'll sit down. Thank you. Thank you Miss Bucci may it please the court I'm Talia Bucci, and I represent the United States in this appeal The district court properly denied the defendant's motion to suppress because the court correctly found that the officers acted reasonably at every step in this investigation They reasonably believed based on the facts and circumstances that they were faced with that they were likely facing an intoxicated driver situation The first thing they did when they arrived at the scene was ensure their own safety and the safety of the others around By removing the keys from the running vehicle Counsel does Illinois have an open container law that prohibits Open alcohol containers, I believe they do your honor, but I'm not I can't give you the specifics off the top of my head The next thing they do is they attempt to wake the defendant and the passenger and find out what the situation is they acted reasonably in doing so and When the defendant did wake up they reasonably requested that he exit the vehicle and as the district court found all of these steps were reasonable as Your honors have mentioned there were various facts that showed that there was likely an intoxicated driver at the time of the day the fact that it's a weekend the open bottle of vodka in The car the fact that there's two individuals passed out the officers had reason to believe That there was an intoxicated driver situation and they took steps They took reasonable steps in response to that Now the defendant has challenged their ability to enter the car at all, but we have a safety concern here which Removing the keys from the car is a reasonable step to ensure everyone's safety And we also have the fact that the defendant has remained unresponsive All the way through this encounter the police didn't just stumble upon this They were called to the scene after the defendant remained unresponsive at a McDonald's for a period of time when they arrived He was still unresponsive Did the police have to open the door was the window open to? Take the keys turn to turn it off and take the keys There's some conflicting testimony about the windows themselves were actually open or not the police did Open the door in order to reach across and remove the keys and said that the door was in fact open They're also dealing with a slight well tight circumstances here This is one police officer is standing in between the vehicle and the drive-thru and doesn't have much space Just a couple of things other things. I wanted to touch on Inevitable discovery at some point in this encounter The defendant is going to be removed from the vehicle asked to remove from the vehicle to determine if he is Fit to be driving And as soon as that happened the gun where it was located would have been seen The officers were lawfully present when they saw the gun. It was in plain view and As your honor asked was it incriminating whether it was incriminating and it's our position that you have a gun in this situation Which is found You know wedged between a seat in a center console. It's accessible to the driver There are Circumstances under which that would still be lawful possession, but on the totality of the circumstances here It was reasonable for the officers to at least secure the gun while they're Dealing with the defendant and to determine whether he's lawfully able to to possess that firearm And that's what they did and as a district court found that was a reasonable step for them to take I Just want to briefly touch on the supervised release conditions. There's only two challenges They're both easy fixes and judge Reinhardt's standing order shows What those fixes will be? There's no reason for a full remand here. Why do we? Why do we need to remand at all? well To fix at least the the one you're saying in light of this the order why doesn't the order fix it? It's an instruction to the probation officer. It controls this case and every other case in the Western District Western Division of the Northern District In your I certainly I'm not aware of a specific case that says that standing order trumps And so I believe it's going to end up in the same result Yeah, the question is related to Judge Hamilton's my question is is it permissible by? To enter a standing order modifying the terms of a criminal judgment without going through the procedure required by rule 32 Frankly your honor. I'm if for example. This was on a rule to show cause I don't know that How we would address that issue of whether the standing order if someone was alleged to have violated the standing order how that would end? Up playing out rule rule 32.1 c2 Says that any modification of a sentence of supervised release must be preceded by a hearing Yes, your question is however well meant Can a judge just say well, I'm modifying a hundred conditions at once and no one gets a hearing I I think that would be One of the exceptions is when it's in the defendants favor, which is I believe what is is here He's getting provide. Oh when it gives when it gives the defendant what he wants the Effectively this standing order rescinded one of the contested conditions And change the terms of the other contested condition that by defining what the jurisdiction is do we know as Dixon said that he's perfectly happy with the new definition of the jurisdiction that he can't leave We don't that's we don't know that for sure and well he has a right to contest that if he hasn't said I'm happy We're in trouble, I think well, I think we have a condition that Subsequent decisions by this court found to be vague and that can be addressed without a full remand By complying we didn't change the conditions with regard to jurisdiction It did not honor It's it's simply providing him with information about what that jurisdiction is and that and the problem the problem with our case law on that Particular question is that prisoners are often released to districts other than the ones in which they were sentenced So that's something that can't really be addressed or decided until The prisoner is actually released and into your honor's point on that the standing order does Tell probation to essentially inform him of what the jurisdiction is and that I believe Takes care of the court's concerns about the vagueness challenge as to that condition Whether that can be done just by relying on the standing order alone, or whether a limited remand is necessary here I Don't have a great answer for you on that, but either way the result is the same and that one of the conditions That the court has found to be impermissibly vague will be corrected and one Will be taken does the government have any objection to this standing order? as Far as I'm aware. We have not had a chance on a rule to show cause type issue to have that play out yet I mean, I I understand the point that a Hearing is not needed if the change in supervised release conditions is favorable to the defendant The government is entitled to object as well, but if I don't hear any objections from the government I'm not going to raise them so I I don't believe in this circumstance there's any objection as There are other things the standing order deals with and we haven't evaluated each of those situations But here we would have no this standing order applies prospectively as well as retroactively Yes, it applies to everybody who is on Supervised release. I mean before the standing order now as written applies moving forward Under the changes, we've certainly addressed the conditions that are addressed in that standing order We've proactively we do those at sentencing now in the procedure referring to this case I'm just saying if somebody commits of an offense today or this convicted offense today. It's a new standing order that would apply The standing order is amended by the judge Right and those conditions the conditions of supervised release imposed by the judge these days are now in line with that standing order. Yes If the court has no further questions, I would conclude by asking that the court Affirm the district court's denial of the defendants motion to suppress and if the court decides to order a remand for the supervised release Conditions that remand should be limited and a full resentencing is unnecessary here Thank you, thank you Mr. Hill is your time has expired, but I think from the argument that we need to receive supplemental memos from both sides Addressing the question whether either the defense or the prosecution objects to the terms as applicable to Mr. Mr. Dixon of Judge Reinhardt's standing order if there's a concrete objection Then there may be a need for a hearing under rule thirty two point one c2 if there's no concrete objection Then it may not be necessary to hold a hearing but we need to figure that out before deciding what to do So the parties have two weeks to file supplemental memos on that question When those memos have been received the case will be taken under advisement our next case